

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William J. Lawson
Secretary of State
Austin, Texas

Attention: Mr. Abner L. Lewis
Head of Charter Division

Dear Sir:

Opinion No. 0-5036
Re: Most Worshipful King Solomon
Grand Lodge Ancient Free and
Accepted Masons, Queen Esther
Grand Chapter, Order of the
Eastern Star and Daughters of
the Sphinx.

Your letter of January 14, 1943, requesting the
opinion of this department on the questions stated therein
regarding the above mentioned matter reads as follows:

"We are handing you herein the entire chap-
ter file and Court's action in connection there-
with respecting the fraudulent dissolution of the
above captioned corporation. It is conclusive
from this record that a fraud was perpetrated up-
on this corporation as well as the Secretary of
State necessitating a reinstatement of the orig-
inal corporation which was chartered March 27, 1908.

"The record is sent to you with the request
that you advise us whether or not in view of the
condition of the record and the findings of the
District and Appellate Courts the procedure for
us to take in reinstating this charter or cancel-
ling out the attempted dissolution and subsequent
charter. If this department would have the right
to cancel the dissolution and charter, there would
be nothing in the charter file of the original in-
corporation to disturb its legal entity.

"It is very apparent from this record that
the members of the original corporation were fraud-
ulently dealt with as well as the Secretary of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"State who acted upon the papers that were present-
ed to him by the perpetrators. We therefore re-
quest to be advised as to how to unravel this
tangled situation so that a proper certificate may
be issued."

As we understand the file accompanying your inquiry,
the facts are substantially as follows:  The lodge known as
the "Most Worshipful King Solomon Grand Lodge Ancient Free and
Accepted Masons and Queen Esther Grand Chapter, Order of the
Eastern Star and Daughters of the Sphinx" (the name set out
in the charter) filed its charter in the office of the Secre-
tary of State on the 27th day of March, 1908.  The place of
business of this association and its principal office was in
the city of San Antonio, Bexar County, Texas.  Since the fil-
ing of the original charter there have been several amendments
to said charter filed in the office of the Secretary of State,
each for the purpose of changing the place of business and
its principal office.  The last amendment was changing the
place of business and principal office to the city of Houston,
Harris County, Texas.

On the 9th day of October, 1936, the "Most Worship-
ful King Solomon Grand Lodge Ancient Free and Accepted Masons"
(the name set forth in the charter) was filed in the office
of the Secretary of State.  The place of business of this
corporation and its principal office was in Houston, Harris
County, Texas.  On the 8th day of May, 1939, this corporation
filed an amendment to its original charter changing its name
to the "Most Worshipful King Solomon Grand Lodge Ancient Free
and Accepted Masons, and Queen Esther Grand Chapter, Order of
the Eastern Star and Daughters of the Sphinx".  The place of
business of this association and its principal office was in
the city of Houston, Harris County, Texas.

The corporation last mentioned also filed on the
9th day of October, 1936, an application of dissolution of
the first corporation mentioned without its knowledge, con-
sent or permission, and on the same date, the Secretary of
State executed a certificate of dissolution of said corpora-
tion.

Later the first corporation filed a suit in the
127th Judicial District Court, Houston, Harris County, Texas,
against the second named corporation alleging certain damages
and for an injunction against the said second corporation en-
joining it from using the name of the first corporation.  In

the trial of this case the court found that the plaintiff
was entitled to a judgment for damages in the sum of $10.00
and to a permanent injunction enjoining and restraining the
defendants from further use or operation under the name of
the "Most Worshipful King Solomon Grand Lodge, Ancient Free
and Accepted Masons, Queen Esther Grand Chapter, Order of
the Eastern Star and Daughters of the Sphinx". From this
judgment the second corporation appealed to the Court of
Civil Appeals, Galveston, Texas, and the judgment of the
trial court by the Court of Civil Appeals was affirmed. An
application for writ of error in this case was refused by
the Supreme Court for want of merit.

The several modes in which a corporation may be
dissolved are set forth in Article 1387, Vernon's Annotated
Civil Statutes. One provision of this statute provides in
effect that a corporation may be dissolved by action on the
part of the stockholders indicating in the prescribed manner
that the corporation shall be dissolved, followed by the is-
suance of a certificate of dissolution by the Secretary of
State. Apparently this was the procedure followed by the
second corporation purporting to be the first corporation
when the application for dissolution was filed and the cer-
tificate of dissolution was issued by the Secretary of State.

The Attorney General is directed by the Constitu-
tion to seek a judicial forfeiture whenever a sufficient cause
exists. Under the same constitutional provision the Attorney
General is charged with the duty of preventing any private
corporation from exercising any power not authorized by law.
As to this clause, it has been held that the Attorney General
is neither bound nor entitled to take action to enjoin a cor-
poration from exceeding its legal powers where private rights
alone are involved; but, where a forfeiture of its charter has
been incurred by the corporation, it cannot be said that the
State has no interest in the subject matter of litigation with-
in the general rule that a party must have an interest in a
suit. The function of instituting proceedings for forfeiture
is vested in the Attorney General alone. His right or duty
in this connection is exclusive; and therefore statutes which
are purported to confer the power on others have been held to
be unconstitutional. (Constitution, Article IV, Section 22;
State v. Farmers Loan etc. Company, 17 S. W. 60; Tex. Jur.
Volume 11, page 121).

As we understand your request you desire our opinion on the question, whether the Secretary of State has the legal right to cancel the certificate of dissolution heretofore mentioned and the charter of the second corporation.

Generally speaking public officers and governmental administrative boards possess only such powers as are expressly conferred upon them by law or necessarily implied from the powers so conferred. They cannot legally perform acts not authorized by existing law. It is stated in Texas Jurisprudence, Volume 34, page 443:

"Statutes which prescribe and limit the exercise of official duty are strictly construed in respect of the powers conferred and the manner of their exercise, and such powers are not to be enlarged by construction. But after a long period of time acts of officers will be liberally construed in favor of rights, support for which is claimed to be found in such acts. Specific, clear and direct grants or limitations of power in the Constitution are not controlled or annulled by general provisions found in other parts of the organic law. And where the Constitution defines the powers of an officer, he is confined to the powers enumerated, and the express mention of such powers negatives the existence of others.

"Implied powers.--It is equally well settled, however, that a law which confers a power or imposes a duty upon an officer or board carries with it by implication the authority to do such things as are reasonably necessary to carry into effect the power granted or the duty imposed. Thus power to do certain work or to accomplish a certain result which cannot otherwise be accomplished, implies the authority to employ such agents as may be reasonably necessary to accomplish the work or purpose specified, and to engage them for such length of time as is reasonably necessary."

With reference to the duties, powers and liabilities of public officers also see Ruling Case Law, Volume 22, page 455 and Corpus Juris, Volume 46, page 1014. We quote from Corpus Jurisprudence, Volume 46, page 1033 as follows:

"In the absence of statutory authority, an officer in performing a statutory duty which does

not involve the exercise of discretion is without the power of amendment; and when the judgment or discretion of an executive officer has been completely exercised in the performance of a specific duty, the act performed is beyond his review or recall, although the statute conferring authority expressly makes his determination discretionary. So the final decisions of public officers are binding upon their successors. However, officers may modify or change the usage or practice or methods previously adopted when such modification or change is given a prospective, and not a retroactive, operation."

In view of the foregoing it is our opinion that the Secretary of State has no legal right or authority to cancel the certificate of dissolution or the charter of the second corporation heretofore mentioned. It is stated in Texas Jurisprudence, Volume 11, page 119:

"Annulment or cancellation of the document is the appropriate remedy where the charter has been obtained by fraud,—that is to say, where there has been a breach of the legal conditions precedent to the grant." (Citing W. L. Wells Co. v. Gastonia Cotton Mfg. Co., 198 U. S. 177, 25 Sup. Ct. 640).

In connection with the foregoing we want to point out that we have not found any statute authorizing the Secretary of State to cancel a certificate of dissolution regardless of how the same was obtained—whether through fraud or otherwise. For the same reason, it may be also stated that the Secretary of State has no authority to cancel the charter. The methods of procedure and the grounds upon which a charter of a private corporation may be cancelled are set out in the statutes applicable to the same.

The manner or method of procedure by which the first corporation heretofore mentioned may have its charter reinstated is to be determined by the corporation, and is a matter which this department has no legal authority to pass upon.

We are returning herewith all instruments accompanying your inquiry.

Honorable William J. Lawson, Page 6

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:mp
Encl.

~~~~~~~~~~~ 25, 1945

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN